IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

```
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
    FILED

  MAR - 2 2026

CLERK, U.S. DISTRICT COURT
By_____
           Deputy
```

| UNITED STATES OF AMERICA | |
|---|---|
| v. | No. 4:26-MJ-158 |
| JEFFREY DON GESFORD (01) | |

## CRIMINAL COMPLAINT

I, Special Agent Mia White, with the Federal Bureau of Investigation, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

On or about May 17, 2025, the defendant, **Jeffrey Don Gesford**, in the Northern District of Texas, did knowingly distribute child pornography using any means and facility of interstate and foreign commerce, namely the Internet. Specifically, **Gesford** received the following visual depiction:

| Filename | Description |
|---|---|
| 211f2c6d-20ae-432b-8658-5fd02c4d7279 | This one-minute video file depicts a nude prepubescent female child lying on her back on a green blanket with her wrists bound above her head. A pink-and-white device is being inserted into her genitals by an individual off screen |

I further state I am a Special Agent with the Federal Bureau of Investigations (FBI), and that this complaint is based on the following facts gathered by me:

### INTRODUCTION

1.  I have been a Special Agent with the FBI since March 2020. During my time as a Special Agent, I have investigated cases involving computer-related criminal activity and violent crimes against children. I am currently assigned to the FBI's Crimes Against Children Human Trafficking Task Force, in the Dallas- Fort Worth Division.

As an FBI Special Agent, I am authorized to investigate violations relating to child exploitation and child pornography, including the production, transportation, receipt, distribution, and possession of child pornography, in violation of 18 U.S.C. §§ 2251, 2252, and 2252A, as well as the enticement and coercion of minors, in violation of 18 U.S.C. § 2422(b), sex trafficking of children by force, fraud, or coercion, in violation of 18 U.S.C. §§ 1591 and 1594, and the transportation of minors with intent to engage in criminal sexual activity, a violation of 18 U.S.C. § 2423(a). I have gained experience in conducting these investigations through training and through everyday work, including executing search warrants and interviewing individuals who sexually exploit and abuse minors and who possess and trade child pornography. I have also received training relating to the Innocent Images National Initiative, which includes training in the investigation and enforcement of federal child pornography laws in which computers and other digital media are used as a means for receiving, transmitting, and storing child pornography.

2. As a federal agent, I am authorized to investigate violations of United States laws and to execute warrants issued under the authority of the United States. During such investigations, I have observed and reviewed numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media, including computer media. I have been involved in many child exploitative investigations and am very familiar with the tactics used by child pornography offenders who collect and distribute child pornographic material and those who have contact sexual offenses with children.

3. The statements contained in this affidavit are based on information provided by FBI Special Agents and other members of law enforcement; written reports about this and other investigations that I have received, directly or indirectly, from other law enforcement agents; information gathered from the service of administrative subpoenas; the results of physical and electronic surveillance conducted by law enforcement agents; independent investigation and analysis by FBI agents/analysts and computer forensic professionals; and my experience, training and background as a special agent with the FBI. Since this affidavit is being submitted for the limited purpose of securing an arrest warrant, I have not included each and every fact known to me concerning this investigation. Instead, I have set forth only the facts that I believe are necessary to establish probable cause to believe that **Jeffrey Don Gesford** did knowingly commit the offense described herein.

4. I make this affidavit in support of criminal complaint charging **Jeffrey Don Gesford**, while in the Fort Worth Division of the Northern District of Texas, with a violation of 18 U.S.C. § 2252A(a)(2)(A), that is, distribution of child pornography.

## FACTS SUPPORTING PROBABLE CAUSE

5.  On or about January 26, 2026, Fort Worth Police Department Detective Christoffer Beckrich notified Your Affiant about Cybertipline Report # 212540689, generated by Electronic Service Provider MediaLab/Kik[1], involving the upload of suspected child sexual abuse material.[2]

6.  Cybertipline Report # 212540689, received by the National Center of Missing and Exploited Children (NCMEC) on or about May 23, 2025, 12:35:36 UTC, referenced 48 files depicting prepubescent children, some of which depicted children engaged in sexual acts, that were uploaded from Internet Protocol (IP) address 107.116.156.82 (Port: 10910) on or about May 17, 2025. I reviewed the uploaded files, one of which is described as follows:

| Filename: | ee9d5dd3-5246-48d6-9563-9008a5b95cc3.mp4 |
| --- | --- |
| Md5: | 07ce62f17d985c579b976c1de3098eaa |
| File Description: | This one-minute video file depicts a nude prepubescent female child lying on her back on a green blanket with her wrists bound above her head. A pink-and-white device is being inserted into her genitals by an individual off screen. |

Based on my training and experience, this file constitutes child pornography, as defined by 18 U.S.C. § 2256.

---

[1] Kik Messenger is a free instant messaging mobile application designed and previously owned by Kik Interactive Incorporated, a company based in Waterloo, Canada. Kik uses the Internet to allow users to send and receive instant messages, photos and videos.
[2] For purposes of this affidavit, "child sexual abuse material," or CSAM, has the same meaning as the term "child pornography" as defined in 18 U.S.C. § 2256.

7. MediaLab/Kik reported the suspected account information associated with the uploads as:

- Email Address: jdg[redacted] – @gmail.com
- Username: taterdragon
- ESP User ID: taterdragon_6hl

8. The IP Address associated with the Cybertipline Report resolved to Fort Worth, Texas, and the Internet Service Provider (ISP) was AT&T Wireless. On or about January 28, 2026, an administrative subpoena was served to AT&T for basic subscriber information associated with IP Address 107.116.156.82; however, records associated with the captioned IP Address were not retained.

9. On or about February 4, 2026, an administrative subpoena was served to Google for basic subscriber information associated with email address jdg[redacted] – @gmail.com.

10. On or about February 5, 2026, Google provided responsive results, which included the name on the account, "Jeff," and account recovery telephone number [redacted] -4910. Google also identified a 'Google Pay' account associated with the captioned email address, and provided the subscriber as "Jeffrey Gesford," and the telephone number as [redacted] -4910.

11. Queries of law enforcement databases indicated telephone number [redacted] -4910 was associated with **Jeffrey Gesford**, date of birth [redacted] -1978.

12. On February 3, 2026, a Northern District of Texas federal magistrate judge issued search warrant number 4:26-MJ-066, authorizing the search and seizure of information associated with the Kik account associated with username "taterdragon," and user ID "taterdragon_6hl," hereafter SUBJECT ACCOUNT, for evidence related to the transportation of child pornography.

13. On or about February 6, 2026, Kik provided responsive results, which contained evidence identifying and linking the SUBJECT ACCOUNT to violations of 18 U.S.C. § 2252A(a)(2)(A) (transportation of child pornography) and 18 U.S.C. § 2252A(a)(5)(B) (possession of child pornography).

14. The results included chat logs between the SUBJECT ACCOUNT and other users that occurred on or about May 17, 2025 – which is consistent with the timeframe referenced in the CyberTipline Report. The SUBJECT ACCOUNT told another user he was 46 years old and lived in Texas. He further stated he "liked" girls between 6 years old and 11 years old, and boys between 9 years old and 11 years old.

15. On or about May 17, 2025, the SUBJECT ACCOUNT requested pictures "or" videos depicting CSAM from another Kik user. The SUBJECT ACCOUNT then sent numerous images depicting CSAM to the Kik user; one of which is described below:

| Filename: | File Description: |
|---|---|
| 037239b3-8cc0-440b-9439-240341c38040.jpeg | This image file depicts an adult male placing his erect penis on a prepubescent child's vagina. A white liquid substance was visible on the child's vagina. |

Based on my training and experience, this file constitutes child pornography, as defined by 18 U.S.C. § 2256.

16. The SUBJECT ACCOUNT sent the image file referenced in paragraph 15 on 2025-05-17 02:20:54 using the third-party messaging application, Kik, which requires the Internet. The image file was distributed from IP Address 107.116.156.82, which resolved to Fort Worth, Texas, in the Northern District of Texas.

17. The SUBJECT ACCOUNT also sent numerous video files depicting child pornography to other users on Kik, including, but not limited to, the following:

| Filename: | File Description: |
| --- | --- |
| e0cf66c0-9426-4815-a8c9-4d0db6de580e | This 27-second video file depicts an adult inserting their finger into a prepubescent child's vagina |
| 211f2c6d-20ae-432b-8658-5fd02c4d7279 | This one-minute video file depicts a nude prepubescent female child lying on her back on a green blanket with her wrists bound above her head. A pink-and-white device is being inserted into her genitals by an individual off screen |

Based on my training and experience, these files constitute child pornography, as defined by 18 U.S.C. § 2256.

18. The SUBJECT ACCOUNT sent the video files referenced in paragraph 17 on or about May 17, 2025, using the third-party messaging application, Kik, which requires the Internet. The video files were distributed from IP Address 107.116.156.82, which resolved to Fort Worth, Texas, in the Northern District of Texas.

19. Law enforcement conducted a criminal history check on **Jeffrey Gesford**, which indicated **Gesford** is a registered sex offender. **Gesford** was convicted of Possession of Child Pornography in Tarrant County, Texas, in September 2015.

20. On or about February 23, 2026, representatives of the Fort Worth Sex Offender Registration and Tracking (SORT) indicated **Gesford** was presently located at [redacted] North Henderson, Room 154[3], Fort Worth, Texas, as recently as February 18, 2026. According to SORT records, **Gesford** has lived at this address since approximately April 17, 2025.

21. On or about February 27, 2026, your Affiant and other law enforcement personnel served a federal search warrant at 600 North Henderson, Room 154, Fort Worth, Tarrant County, Texas. **Gesford** was present and agreed to speak with investigators. **Gesford** was advised of his *Miranda* rights, which **Gesford** acknowledged understanding and agreed to speak with investigators.

22. **Gesford** claimed ownership of the email address, jdg[redacted] – @gmail.com, associated with the SUBJECT ACCOUNT. He recalled using Kik previously but advised he was no longer using the application. When presented with screenshots from the videos described in paragraphs 6 and 17, **Gesford** advised he recognized the videos as files he had likely downloaded or traded in the past.

---

[3] All intelligence obtained, including prior coordination with the staff at the premises, indicated Gesford was an occupant of room 154. Upon service of the search warrant, law enforcement learned Gesford currently occupied room 155. The operational supervisor for the facility indicated due to frequent room changes, her facility roster had not been updated to reflect the change.

Criminal Complaint - Page 8 of 9

23. **Gesford** admitted to downloading pictures and videos depicting child pornography to his cellular telephone. **Gesford** advised he downloaded and traded files depicting child pornography as recently as "last night," and always did so, while at his residence, located at [redacted] N. Henderson, Fort Worth, Tarrant County, Texas, in the Northern District of Texas.

24. I am aware that the Internet is a means and facility of interstate and foreign commerce. Accordingly, **Gesford** used Kik Messenger, a third-party application, which requires the use of the Internet, a means and facility of interstate commerce, to distribute the previously described visual depictions located in the SUBJECT ACCOUNT.

## Conclusion

25. Based on the foregoing facts and circumstances, there is probable cause to believe that on May 17, 2025, in the Northern District of Texas, **Jeffrey Don Gesford**, did knowingly distribute child pornography using any means or facility of interstate or foreign commerce, namely, the Internet, in violation of 18 U.S.C. § 2252A(a)(2)(A).

26. In consideration of the above, I respectfully request the Court issue a warrant authorizing the arrest of **Jeffrey Don Gesford**.

_____
Special Agent Mia White
Federal Bureau of Investigation

Subscribed and sworn to before me on this ___2nd___ day of March 2026 at ___1:17___ a.m./p.m. in Fort Worth, Texas.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

Criminal Complaint - Page 9 of 9